UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASHLEY L. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-cv-491 |
| v. | ) |
| | ) |
| FRANK BISIGNANO[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the First Motion for Attorney Fees [DE 27] filed by Jason S. Rodman, counsel for the plaintiff, Ashley L. Myers, on November 7, 2025. Defendant filed a Response [DE 28] indicating that the Agency neither agreed nor disagreed that Plaintiff's counsel should be awarded fees pursuant to Section 406(b). For the following reasons, the Motion [DE 27] is **GRANTED**.

*Background*

Plaintiff Ashley L. Myers filed an application for Social Security Disability, alleging a disability onset date of April 23, 2020. [DE 17]. The Agency entered an unfavorable decision on May 15, 2023. *Id.* Plaintiff challenged the Administrative Law Judge's decision by filing a Request for Review with the Appeals Council in May 2023. *Id.* The Appeals Council issued its

---

[1] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

decision denying Plaintiff's request for review on September 20, 2023, making the Administrative Law Judge's decision the final Agency decision. *Id.* Plaintiff initiated civil action in this court for judicial review of the denial of her application for benefits on November 20, 2023. [DE 1].

The Commissioner filed an unopposed Motion to Remand [DE 21], and the court reversed and remanded the decision of the Commissioner on May 10, 2024. [DE 22]. Following this court's remand, an Administrative Law Judge approved Plaintiff's claim for Disability Insurance benefits. [DE 27-4]. The Social Security Administration issued a Notice of Award letter dated April 16, 2025. Plaintiff was awarded past-due benefits in the amount of $39,420.00. [DE 27]. Plaintiff agreed to pay Attorney Rodman 25% of all past-due benefits awarded to her and any beneficiaries by the Administration. [DE 27-1].

Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") in May of 2024. [DE 24]. The Commissioner filed a Response [DE 25] stating that there was no objection. On May 18, 2024, the court granted the request and awarded Plaintiff $7,034.25 for attorney fees and $609.00 in paralegal fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 26]. In total, Plaintiff's counsel has received $7,724.25 in attorney fees under 28 U.S.C. § 2412. *Id.*

Attorney Rodman asks the court to authorize an award of attorney fees in the total amount of $9,854.99 pursuant to 42 U.S.C. § 406(b). The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42

U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Rodman requests an attorney fee in the amount of $9,854.99 and contends that the requested fee award is reasonable for the 28.25 hours of legal work he spent representing Plaintiff in federal court. [DE 27]. Attorney Rodman's total requested fee amounts to an hourly rate of $324.42 for attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Owsley v. Astrue*, 2010 WL 5173148, at *4 (N.D. Ind. Dec. 14, 2010) (awarding a fee equating to $810 per hour); *Hill v. Comm'r of Soc. Sec.*, 2016 WL 2643360 (N.D. Ind. May 10, 2016) (awarding fee equating to $810 per hour). Counsel also represents that 5.75 hours of paralegal work was completed at the hourly rate of $120. *Id.* Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must

refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b). *Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). Attorney Rodman has acknowledged that Plaintiff is entitled to a refund of the $7,724.25 EAJA award that she received. [DE 27].

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 27] and **AWARDS** fees to Attorney Jason S. Rodman in the total amount of $9,854.99. The court **ORDERS** Attorney Rodman to refund the plaintiff, Ashley L. Myers, the total amount of the previously awarded EAJA fees, $7,724.25, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 29th day of December, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge